FILED
JAN 18 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Criminal No. 3:08cr208-HEH |
| LINVAL ARMSTRONG, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Linval Armstrong ("Petitioner"), a federal detainee[1] proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Government responded, arguing *inter alia* that Petitioner's claims are barred by the relevant statute of limitations. Petitioner did not reply. The matter is ripe for judgment.

### I. PROCEDURAL HISTORY

On July 15, 2008, Petitioner pled guilty to maintaining a place for the use, distribution, and storage of controlled substances. On October 31, 2008, the Court entered Petitioner's Judgment and sentenced Petitioner to a twenty-four-month term of imprisonment and a three-year term of supervised release.

On November 30, 2009, Petitioner executed his 28 U.S.C. § 2255 motion and placed it in the prison mail system. (§ 2255 Mot. 12.) Accordingly, the 28 U.S.C. § 2255 motion is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

---

[1] Petitioner is a citizen of Jamaica.

In his 28 U.S.C. § 2255 motion, Petitioner contends that he is entitled to relief because his attorney and the Court failed to notify Petitioner of his right to consult with the Jamaican embassy or consulate pursuant to the Vienna Convention. (§ 2255 Mot. 5.)

## II. STATUTE OF LIMITATIONS FOR 28 U.S.C. § 2255 MOTIONS

All motions under 28 U.S.C. § 2255 are governed by a one-year statute of limitations. Specifically, 28 U.S.C. § 2255 reads, in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## III. TIMELINESS OF PETITIONER'S § 2255 MOTION

Under 28 U.S.C. § 2255(f)(1), Petitioner had one year from the date his conviction became final to file a § 2255 motion with this Court. Petitioner's conviction became final on Monday, November 17, 2008, the last date to file a notice of appeal with respect to his

2

criminal conviction. Fed. R. App. P. 4(b)(1)(A), 26(a) (2008) (requiring defendant to file an appeal within ten days of the entry of judgment, excluding weekends and holidays); *see also Clay v. United States*, 537 U.S. 522, 527–28 (2003); *United States v. Clayton*, 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:04CV122, 4:01CR16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Therefore, Petitioner was required to file his 28 U.S.C. § 2255 motion by Tuesday, November 17, 2009. Because Petitioner did not file his 28 U.S.C. § 2255 motion until November 30, 2009, the motion is barred by the relevant statute of limitations.

## IV. EQUITABLE TOLLING

Petitioner argues that the statute of limitations should be tolled because prison staff inventoried and possessed his property while he was transferred among facilities. (§ 2255 Mot. 11.) Petitioner asserts that he lacked access to the law library and other materials for more than 120 days during this time.

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[A]ny resort to equit[able tolling] must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

3

Petitioner submitted three Inmate Personal Property Records which he purports are evidence that the prison staff confiscated his property. (§ 2255 Mot. Ex. A.) The records, however, are generally illegible. Nevertheless, it is clear that the records and Petitioner's statement show, at best, that the prison staff confiscated Petitioner's property in May 2009 and August 2009. Petitioner does not explain why he was unable to file a § 2255 in the more than two months between August 2009 and November 17, 2009. *Green v. United States*, No. AW-09-0230, 2011 WL 553881, at *2 (D. Md. Feb. 8, 2011) ("Even assuming that Petitioner had no access to commissary items (stamps and envelopes), the law library, and a typewriter during this one-month lockdown period, he still had approximately two months . . . to prepare and file his Motion in a timely manner."); *see also Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) ("'[T]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002))).

Accordingly, Petitioner is not entitled to equitable tolling. Petitioner's 28 U.S.C. § 2255 Motion (Dk. No. 136) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Petitioner has not satisfied this standard, a certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Jan. 12, 2012
Richmond, Virginia